IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:19-CV-81610-Rosenberg/Reinhart

CMR CONSTRUCTION & ROOFING,
LLC (A/A/O ROBERT WEST & DONNA
WEST),

      Plaintiff,

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

      Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

**COMES NOW** Plaintiff, CMR CONSTRUCTION & ROOFING, LLC (A/A/O ROBERT WEST & DONNA WEST), by and through undersigned counsel, hereby responds in Opposition to Defendant's Motion to Strike Plaintiffs Claim for Attorney Fees as follows:

**INTRODUCTION**

1. This is a first-party property homeowner insurance dispute filed on November 4, 2019, concerning recovery of post-loss insurance benefits for Hurricane Irma damage to the subject property. [*See Exhibit "A" to Defendant's Motion*]

2. On September 10, 2017, the date of loss, Defendant was the property insurer for the subject property under which named the homeowner or the insured as a beneficiary of the post-loss insurance proceeds.

1

3. On April 11, 2019, the insureds assigned their post-loss insurance benefits to Plaintiff for services to be performed at the subject property due to the Hurricane Irma damage. [*See Exhibit "B" to Defendant's Motion*]

4. Defendant filed a motion to strike, asserting that Plaintiff is not entitled to recover attorney's fees under Fla. Stat. § 627.428.

5. The argument set forth by Defendant is premised upon legislation passed by the Florida Legislature in April, 2019, which limited an assignee's right to recover attorney's fees in a suit related to an assignment agreement.

6. The legislation referred to by Defendant was signed into law on May 24, 2019 and is codified as Fla. Stat. § 627.7152(10).

7. Defendant contends that Plaintiff is precluded from recovering attorney's fees under Fla. Stat. § 627.428, despite the September 10, 2017 date of loss and April 11, 2019 assignment of benefits, because the action was filed (November 4, 2019) after Fla. Stat. § 627.7152(10) became effective (May 24, 2019).

## MEMORANDUM OF LAW

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Granting a motion to strike is a drastic remedy and is disfavored by the courts. *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) *citing Nash v. O.R. Colan Group, LLC,* No. 12-60759-CIV, 2012 WL 4338817, *1 (S.D. Fla. Sept. 20, 2012) (citing *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002)); *Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F.Supp.2d 1354, 1361 (S.D. Fla. 2009). If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. With the standard of review in mind,

Plaintiff specifically responds to the basis that Defendant cites as grounds for its motion to strike: that an assignee is not entitled to the recovery of attorney's fees under Fla. Stat. § 627.428 if the action was filed after the enactment of Fla. Stat. § 627.7152(10).

### I. **Plaintiff is Entitled to Recover Attorney's Fees under Fla. Stat. § 627.428 Because Fla. Stat. § 627.7152(10) Does Not Have Retroactive Application.**

The Florida Supreme Court has conclusively determined that amendments to statutes which constitute a substantive change to the statute do not have retroactive application to *insurance policies issued prior* to the amendment's effective date. *Menendez v. Progressive Exp. Ins. Co.*, 35 So. 3d 873, 875 (Fla. 2010) (holding that "[b]ecause we conclude that the 2001 amendment creating the statutory presuit notice provisions constitutes a substantive change to the statute, we hold that it cannot be retroactively applied to insurance policies issued before the effective date of the amendment . . .").

In *Menendez*, the plaintiff filed suit against her insurance company after she was involved in an automobile accident. *Id.* at 875. The plaintiff was covered by a policy issued by his insurer which afforded personal injury protection benefits and workers compensation benefits. *Id.* After some of the claims arising out of the automobile accident were settled, the plaintiff filed suit against her insurance company for overdue benefits. *Id.* The case eventually made its way to the Florida Supreme Court where the dispositive issue before the Court was whether a change to a particular provision of the Florida Statutes could be applied retroactively to an insurance policy that had been in effect prior to the date that the statute was enacted. *Id.* at 876.

In deciding whether the statute should apply retroactively, the Court in *Menendez* applied a two-pronged test. *Id.* at 878. The first prong required the Court to ascertain whether the Legislature intended for the statute to apply retroactively. *Id.* Secondly, if the Court found that

the answer to the first prong was in the affirmative, the Court then had to "determine whether retroactive application would violate any constitutional principles." *Id.*

Regarding this first prong, the Court in *Menendez* ultimately determined that the Legislature had intended the statute to be retroactive. *Id.* Even still, the Court concluded that it was bound to reject retroactive application of a statute, regardless of Legislative intent, if the statute impaired a vested right, created a new obligation, or imposed a new penalty. *Id.* This required the Court to determine whether retroactive application of the statute attached "new legal consequences to events completed before its enactment." *Id.* (internal citations omitted).

Particularly relevant to the case at hand is the insured's argument in *Menendez* regarding attorney's fees. Specifically, the insureds argued that the changes in the statute "as a whole, affect[] the insured's ability to retain counsel because there is no longer a right to reasonable attorneys' fees . . ." *Id.* The Court in *Menendez* agreed and concluded that "the most problematic provisions of the statute are those which (1) impose a penalty, (2) implicate attorney's fees, (3) grant an insurer additional time to pay benefits, and (4) delay the insured's right to institute a cause of action." *Id.* The Court in *Menendez* noted specifically that the statutory right to attorney's fees is a substantive right rather than a procedural right and that a statute which imposes limitations on the right to recover attorney's fees does not apply retroactively. *Id.*

In applying the two-prong *Menendez* test to Florida Statute § 627.7152(10), it is clear that the statute cannot have retroactive application since it does not meet either prong. First, the Legislature has not expressly stated that the statute will have retroactive application. Fla. Stat. § 627.7152(10) provides:

> (10) Notwithstanding any other provision of law, in a suit related to an assignment agreement for post-loss claims arising under a residential or commercial property insurance policy, attorney fees and costs may be recovered by an assignee only under s. 57.105 and this subsection.

4

> (a) If the difference between the judgment obtained by the assignee and the presuit settlement offer is:
>
> 1. Less than 25 percent of the disputed amount, the insurer is entitled to an award of reasonable attorney fees.
>
> 2. At least 25 percent but less than 50 percent of the disputed amount, no party is entitled to an award of attorney fees.
>
> 3. At least 50 percent of the disputed amount, the assignee is entitled to an award of reasonable attorney fees.
>
> (b) If the insurer fails to inspect the property or provide written or oral authorization for repairs within 7 calendar days after the first notice of loss, the insurer waives its right to an award of attorney fees under this subsection. If the failure to inspect the property or provide written or oral authorization for repairs is the result of an event for which the Governor had declared a state of emergency under s. 252.36, factors beyond the control of the insurer which reasonably prevented an inspection or written or oral authorization for repairs, or the named insured's failure or inability to allow an inspection of the property after a request by the insurer, the insurer does not waive its right to an award of attorney fees under this subsection.
>
> (c) If an assignee commences an action in any court of this state based upon or including the same claim against the same adverse party that such assignee has previously voluntarily dismissed in a court of this state, the court may order the assignee to pay the attorney fees and costs of the adverse party resulting from the action previously voluntarily dismissed. The court shall stay the proceedings in the subsequent action until the assignee has complied with the order.
>
> Fla. Stat. Ann. § 627.7152 (West)

Accordingly, nothing in the language of subsection (10) evidences that the legislature intended Fla. Stat. § 627.7152(10) to have retroactive application.

Second, even if the legislature had intended Fla. Stat. § 627.7152(10) to have retroactive application, the legislature's intent should be rejected since the statute attaches new legal consequences to the insurance policy *issued* prior to the statute's enactment. *Menendez*, 35 So. 3d at 878. Since the language of Fla. Stat. § 627.7152(10) affects a person's right to recover attorney's

5

fees, which the Florida Supreme Court deemed a substantive right in *Menendez*, *id.*, recovery of attorney's fees is still proper under Fla. Stat. § 627.428. Allowing an insurer to avoid an award of attorney's fees by retroactively applying Fla. Stat. § 627.7152(10) to an insurance policy that was issued before the statute's effective date is contrary to Florida law. *Id.* at 879. Accordingly, Defendant's motion to strike is improper in light of the Florida Supreme Court's decision in *Menendez* which makes it clear that Plaintiff's claim for attorney's fees is not redundant, immaterial, impertinent, or scandalous.

> II. **Subsection ten (10) of Fla. Stat. §627.7152, cannot be enforced without subsection nine (9) of the same statute, which only becomes effective on July 1, 2019, after the lawsuit was filed.**

Defendant is relying on Jurisdictional Act (HB 337) and the proposition Fla. Stat. §627.7152(10) was made effective on May 24, 2019. With this argument, Defendant is of the position all the other provisions of §627.7152 are ineffective until the original effect date of July 1, 2019. A clear reading of the Jurisdictional Act or specifically, §627.7152, confirms Fla. Stat. §627.7152(1-9) and Fla. Stat. §627.7152(11-13) fails to make the same effective on May 24, 2019 unlike Fla. Stat. §627.7152(10). Based on this understanding and reading of the statute; the statute is ambiguous, vague, and unenforceable as to subsection (10) because the same requires a "pre-suit settlement offer," that is not codified, except through subsection nine (9), in order to determine whether any party is entitled to an award of attorneys fees.

Being Defendant believes no other subsection of Fla. Stat. §627.7152 was in effect on May 24, 2019, and subsections ten (10) depends on subsection nine (9), which was not effective until July 1, 2019, the subsection ten (1) could not reasonably be applied until July 1, 2019. Because an award of attorney's fees under subsection ten (10) necessarily requires a pre-suit settlement offer

to be made pursuant to subsection nine (9) and, without the said offer, subsection ten (10) would unable to be enforced or have plaintiff comply with.

### III. Deciding entitlement to attorneys' fees is premature and not ripe without a judgment or decree against the Defendant.

Fla. Stat. §627.428 in part states,

> (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
> \*\*\*
> (3) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case. §627.428 (2019)

Being there has been no rendering of a judgment or decree determining liability against the Defendant, the Defendant should not be able to move to Strike issues not ripe for the Court to hear. Plaintiff may invoke its right to fees pursuant to Fla. Stat. §627.428, depending on the determination made but the Court on this matter. Because this case is in its early stages of litigation and a Judgment potentially can be made against the Defendant there is no legal basis to strike Plaintiff's claim for attorneys' fees. Therefore, Defendants Motion should be denied.

### IV.     Defendant Fails to Meet the Required Standard

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendant fails to allege in its motion that the claim for attorneys' fees is redundant, immaterial, impertinent, or scandalous.  Defendant alleges the claim for attorneys' fees is "improper and immaterial". *See* ¶4 of D.E. 7.  Neither of which is a basis allowed for by the Rule.  Therefore, Defendant's Motion must be denied.

## CONCLUSION

Based upon the foregoing, Plaintiff has properly put Defendant on notice that it will potentially be claiming entitlement to attorney's fees pursuant to Fla. Stat. § 627.428. Wherefore, Plaintiff prays that the Court **DENY** Defendant's motion and that the Court grant any other relief that it deems just and appropriate.

Dated: December 17, 2019                            Respectfully submitted,

                                                        Matthew D. Gottlieb, Esq. (FBN: 118704)
                                                       mgottlieb@kpattorney.com
                                                       **KANNER & PINTALUGA, P.A.**
                                                       Attorneys for Plaintiff
                                                       925 S. Federal Highway, Sixth Floor
                                                       Boca Raton, FL 33432
                                                       Phone: (561) 424-0032
                                                       Fax:    (561) 853-2188

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF system on this 17th day of December 2019 on all counsel or parties of record on the Service List below.

                                                        **KANNER & PINTALUGA, P.A.**
                                                       Attorneys for Plaintiff
                                                       925 S. Federal Highway, Sixth Floor
                                                       Boca Raton, FL 33432
                                                       Phone: (561) 424-0032
                                                       Fax:    (561) 853-2188
                                                       Email: mgottlieb@kpattorney.com
                                                                     FirstPartyEService@kpattorney.com

                                                       By:_/s/ Matthew D. Gottlieb   .
                                                             Matthew D. Gottlieb, ESQ.
                                                            Florida Bar No.: 118704

## SERVICE LIST

Michael A. Packer, Esq.
mapacker@mdwcg.com
Marshall Dennehey Warner Coleman & Goggin, P.C.
100 NE 3rd Avenue, Suite 1100
Fort Lauderdale, FL 33301

Phone: (954)-847-4920
Attorneys for Defendant